**FILED**
**Feb 09, 2022**
**07:23 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **JOSE MENDEZ,** | ) | **Docket No.: 2018-02-0214** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ESKOLA ROOFING,** | ) | **State File No.: 24741-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN CASUALTY** | ) | **Judge Brian K. Addington** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

Mr. Mendez requested an expedited hearing seeking additional medical and temporary disability benefits for his physical and mental injuries. Eskola Roofing asserted that it met its obligation in providing medical benefits, and that Mr. Mendez was not entitled to additional temporary benefits because of the presumption of maximum medical improvement under Tennessee Code Annotated Section 50-6-207(1)(E). The Court held an expedited hearing on February 4, 2022, and for the reasons below, denies Mr. Mendez's requests but allows him to return to the authorized treating physician.

### History of Claim

Mr. Mendez fell from a roof at work and struck his head on April 2, 2018. His primary injury was a cut on the head. He received authorized treatment at the emergency room and, in the order listed, with Drs. Marilyn Bishop, occupational medicine provider; Timothy Zajonc, ears, nose and throat specialist; and Kenneth Smith, neurosurgeon. Each physician referred Mr. Mendez to the next specialty.

Dr. Smith eventually referred Mr. Mendez for neuropsychological testing. Instead, Eskola provided an employer's examination with psychiatrist Dr. J. Sidney Alexander on July 24, 2020. He reviewed Mr. Mendez's prior records, interviewed Mr. Mendez and his wife, and performed a physical examination and testing. He concluded that Mr. Mendez

1

had not experienced a psychiatric injury from the April 2, 2018 incident and should return to work.

After the visit with Dr. Alexander, Mr. Mendez and his wife returned to Dr. Smith on November 2. He reviewed Dr. Alexander's report and repeated his referral for neuropsychological evaluation and treatment. Dr. Smith stated that Mr. Mendez did not need surgery or medications but had not attained maximum medical improvement.

The parties agreed that Mr. Mendez would see neuropsychologist Dr. Rachel Lacy. However, due to the language barrier, Dr. Lacy wrote that she was unable to draw "any solid conclusions of the claimant's ability to work or what therapies he may need since the data is not based on a full Spanish—written battery tests." She determined that Mr. Mendez was depressed and needed a psychiatrist or psychologist to treat it. She also determined Mr. Mendez needed to be seen by a Spanish proficient neuropsychologist, Dr. John Sass.

The parties then arranged for Mr. Mendez to see Dr. Sass. The day before the appointment, Mr. Mendez's wife drove him to Georgia for it. However, during the drive, he exited the vehicle at a stoplight and spent the night wandering the streets. His wife found him the next morning and took him to the appointment, but he did not complete the examination, so Dr. Sass was unable to write a report. Mr. Mendez explained that travel, being confined in small places, anxiety over the testing, and his physical injuries accounted for his actions the night before and his inability to continue the test.

Mr. Mendez and his wife testified that he needs additional medical benefits—specifically, another neuropsychological examination, and a return to Dr. Smith for his physical injuries. They testified that his head and neck continue to hurt, and that Dr. Smith could not determine his work status or treatment plan until he undergoes the neuropsychological testing. Further, they stated he is depressed, anxious, and angry.

Eskola asserted that Mr. Mendez did not have a reasonable explanation to stop the testing, for which they had all been waiting. Further, it argued he is presumed to be at maximum medical improvement because no current treatment is available for his physical injuries.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Mendez must present sufficient evidence to show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Here, Mr. Mendez asserted that he is entitled to additional physical and psychological treatment. He contended that his head and neck continue to hurt. Although

the Court acknowledges his physical complaints, Dr. Smith, the authorized treating physician, has not ordered additional treatment or medications. In fact, he stated they were not needed when he last saw Mr. Mendez.

Concerning the neuropsychological treatment, Eskola attempted to provide neuropsychological examinations by Dr. Lacy and Dr. Sass. Dr. Lacy's examination, in her own opinion, was inadequate; so, the Court gives it no weight. Mr. Mendez terminated Mr. Sass's examination before its conclusion.

However, the issue before the Court is not whether Mr. Mendez was justified in terminating the neuropsychological examination, but what, if any, further examination or treatment Dr. Smith believes he needs in view of what happened. Since valid neuropsychological testing has not been completed and reviewed by Dr. Smith, the Court will not order any specific medical benefits at this time, other than Mr. Mendez remains entitled to any reasonable and necessary treatment Dr. Smith deems appropriate.

As for Mr. Mendez's request for temporary total disability benefits, an injured employee is conclusively presumed to be at maximum medical improvement when the treating physician ends all active medical treatment, and the only care is for pain or a mental injury that arose from the physical injury. *See* Tenn. Code Ann. § 50-6-207(1)(E). Mr. Mendez is not receiving any active treatment from Dr. Smith for his physical injury; therefore, he is conclusively presumed to be at maximum medical improvement and not entitled to additional temporary total disability benefits.

In sum, Mr. Mendez has not provided sufficient evidence to show that he is likely to prevail at a hearing on the merits for the requested medical and temporary total disability benefits.

**IT IS, THEREFORE, ORDERED**, as follows:

1.     Mr. Mendez's request for temporary total disability benefits is denied at this time.

2.     The Court denies Mr. Mendez's request for further neuropsychological testing at this time. However, Mr. Mendez may return to the authorized treating physician, Dr. Smith, for treatment and recommendations under Tennessee Code Annotated Section 50-6-204.

3.     This case is set for a status conference on **April 6, 2022, at 10:00 a.m. Eastern time**. The parties shall call 855-543-5044 to participate.

**ENTERED FEBRUARY 9, 2022.**

_Brian K. Addington_
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Mendez's Affidavit
2. Personnel File
3. Controlled Substance Test
4. Medical Records of Dr. Marilyn Bishop
5. Medical Records of Dr. Sydney Alexander
6. Medical Records of Dr. Ken Smith
7. Medical Records of Dr. Rachel Lacy, Psy.D.
8. Medical Records of Dr. Timothy Zajonc
9. Agreed Expedited Hearing Order
10. Emergency Medical Services record

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Employee's Motion to Compel Discovery
5. Discovery Order
6. Pre-Expedited Hearing Memorandum
7. Employer's Witness and Exhibit List
8. Employer's Pre-Hearing Statement
9. Employee's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent on February 9, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Samuel Hall, Employee's Attorney | | | X | sam.hall.tn.law@gmail.com |
| Richard Clark, Employer's Attorney | | | X | rclark@eraclides.com jenniferdavis@eraclides.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*